# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DONALD ROBINSON,**

    **Plaintiff,**

**vs.**                                                                         **Case No. 4:17cv71-RH/CAS**

**JOHN DOE POLICE OFFICER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, filed an amended civil rights complaint under 42 U.S.C. § 1983. ECF No. 11. The amended complaint has now been reviewed as required by 28 U.S.C. § 1915A to "identify any and all cognizable claims" presented. <u>O'Berry v. State Attorneys Office</u>, 241 F. App'x 654, 657 (11th Cir. 2007).

Plaintiff's complaint is against a John Doe Police Officer, employed by the Tallahassee Police Department. ECF No. 11. Plaintiff alleges that on June 13, 2016, he tried to report that "six gang related, homeless, drug addicted types" of people were trying to hurt him. *Id.* at 5. Plaintiff went inside the police station to relay his concerns but alleges that he was told

by an officer that there was nothing they could do because nobody had committed a crime. *Id.* at 5-6. The following day, Plaintiff alleges he saw four of the people again and they "came to hurt" him. *Id.* at 6. Plaintiff appears to allege that they tried to attack him "verbally and physically, using unconscious curse words." *Id.* Plaintiff alleges the police officer acted with deliberate indifference. *Id.* at 7. He asserts a deprivation of his Fourth, Fifth, and Fourteenth Amendment rights "by refusing to retrieve the suspects." *Id.* As relied, he requests the Court to conduct an investigation and take just and proper actions. *Id.*

The amended complaint remains insufficient to state a plausible claim because Plaintiff has no constitutional right to press criminal charges or demand the arrest of other persons. Leeke v. Timmerman, 454 U.S. 83, 87, 102 S. Ct. 69, 71, 70 L. Ed. 2d 65 (1981) (noting "that the decision to prosecute is solely within the discretion of the prosecutor" and finding that a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973) (considering claim by mother to have father of her child prosecuted for failing to support children)); *see also* Zierke v. United States, No. 16-1734, 2017 WL 541407, at *1 (3d Cir. Feb. 10, 2017) (remarking that claims failed to "state a cause

of action, since a private party has no right to enforce criminal statutes."); Tyk v. Police Officer Eric Surat, No. 15-3813, 2017 WL 129145, at *2 (2d Cir. Jan. 12, 2017) (stating "there is no constitutional right to prosecute another person"); Karol v. U.S. Secret Serv., 215 F.3d 1326 (6th Cir. 2000) (affirming that dismissal of complaint as frivolous was appropriate where plaintiff alleged "that he had reported criminal activities and child abuse to the Secret Service, but that defendant took no action to prosecute the criminals or protect" him); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that a private citizen has no constitutional right under the Equal Protection Clause of the Fourteenth Amendment to have another person criminally prosecuted); O'Berry v. State Attorneys Office, 241 F. App'x 654, 657 (11th Cir. July 23, 2007) (affirming district court's finding that "the power to prosecute criminal cases is vested exclusively in the Executive Branch").  Plaintiff's amended complaint does not present a plausible claim concerning the failure of a police officer to locate suspects or make an arrest.  Because it does not appear that further opportunities to amend the complaint would be beneficial, it is recommended that this case be dismissed for failure to state a claim.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 11, be **DISMISSED** for failure state a claim upon which relief may

be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 4, 2017.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**